**Brian James RUSSELL, Plaintiff—Appellant,**

v.

**Norma BJORK; et al., Defendants—Appellees.**

No. 02–16910.

D.C. No. CV–02–05541–AWI(DLB).

United States Court of Appeals, Ninth Circuit.

---

Submitted Aug. 27, 2003.*

Decided Dec. 24, 2003.

Brian James Russell, pro se, Jamestown, CA, for Plaintiff–Appellant.

Before CHOY, SNEED, and SKOPIL, Circuit Judges.

### MEMORANDUM **

Pro se petitioner-appellant Brian James Russell, a California state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint alleging that he was illegally removed from his prison job in violation of his federal constitutional rights and state law. On appeal, Russell argues that the district court erred in ruling that: 1) he did not have a liberty interest in his job; and 2) his challenge to the disciplinary proceedings against him attacked the validity of the punishment imposed and, therefore, was not cognizable under § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291 and, after de novo review, we affirm.

The district court, adopting the findings and recommendations of the magistrate judge, ruled that Russell did not state a claim for the deprivation of his constitutional rights arising from the loss of his prison job because he did not have a protected liberty interest in his prison employment. On appeal, Russell argues that he did have a liberty interest in his job because it was not a typical prison job. Regardless of the nature of his position, Russell did not have a protected liberty interest in participating in a work program or in a particular work assignment. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1094–95 (9th Cir.1986). The district court did not err in dismissing Russell's claim.

The district court also ruled that Russell's allegations of constitutional violations in the procedures of his disciplinary hearing were not cognizable under § 1983. Russell was earning worktime credits at former job and, under Cal.Penal Code § 2933, worktime credits reduce a prisoner's term of imprisonment. Because the result of Russell's disciplinary hearing affected his ability to earn worktime credits, the hearing affected his term of imprisonment. Russell's allegations, if proven, necessarily implicate the validity of the result of the disciplinary hearing and the length of his confinement. Therefore, under *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), Russell's claims are not cognizable under § 1983 unless the result of the hearing was previously invalidated. Because the result was not previously invalidated, the district court did not err in dismissing Russell's claims.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.